UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE BENSON, EDWIN SANCHEZ,
and DARRYL WILCOX,

    Individually and on behalf of all
similarly situated individuals,

v.

HEARN INDUSTRIAL SERVICES INC.,

    Defendant.

Case No.

Hon.

**COLLECTIVE ACTION**
**FAIR LABOR STANDARDS ACT**

**CLASS ACTION**
**IMPROVED WORKFORCE**
**OPPORTUNITY WAGE ACT**

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com

**COLLECTIVE AND CLASS ACTION**
**COMPLAINT AND JURY DEMAND**

**NOW COME** Plaintiffs Kyle Benson, Edwin Sanchez, and Darryl Wilcox, individually and behalf of all other similarly situated individuals (hereinafter referred to as "Plaintiffs"), by and through their attorneys, HURWITZ LAW PLLC, hereby allege as follows:

## INTRODUCTION

1.	Plaintiffs bring this collective action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* for unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, and other relief against Defendant Hearn Industrial Services Inc. (hereinafter referred to as "Defendant").

## JURISDICTION AND PARTIES

2.	Plaintiff Kyle Benson is an individual residing in Van Buren Charter Township, Wayne County, Michigan.

3.	Plaintiff Edwin Sanchez is an individual residing in Hartland, Livingston County, Michigan.

4.	Plaintiff Darryl Wilcox is an individual residing in Detroit, Wayne County, Michigan.

5.	Defendant is a domestic profit corporation with a North American headquarters in Romulus, Michigan.

6.	Plaintiffs' claims arise out of Defendant's violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

7.	The U.S. District Court for the Eastern District of Michigan has subject matter jurisdiction over claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. pursuant to 28 U.S.C. § 1331.

8. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as it is the district where the events giving rise to Plaintiffs' claims took place and where Defendant regularly conducts business.

9. Defendant is an employer and Plaintiffs were employees at all relevant times within the meaning of the FLSA.

## GENERAL ALLEGATIONS

10. Defendant is a supply chain and transportation company with over 100 employees, and offices in Novi, Taylor, and Romulus. Defendant conducts business throughout the State of Michigan.

11. At all times material to this Complaint, Defendant has been, and continues to be, an employer within the meaning of the FLSA, 29 U.S.C. § 203.

12. Plaintiffs were employed as forklift operators, responsible for operating forklifts within Defendant's facilities.

13. Defendant requires its forklift operators to be ready for work in their forklifts by 6:00 p.m. each workday.

14. Plaintiffs and other similarly situated employees were required to arrive at the facility no later than 5:45 p.m. each workday, but not allowed to clock in until their official start time, thereby depriving them of compensable work time.

15. Plaintiffs and other similarly situated employees were required to perform at least 15 minutes of unpaid compensable work to prepare for their shifts.

16. Defendant has a standard practice of deducting 30 minutes from employee time sheets each workday for lunch, totaling two hours over the Defendant's standard 5-day workweek.

17. Plaintiffs and other similarly situated employees were expected to work through their unpaid lunch periods.

18. Management encouraged Plaintiffs to work through their lunch breaks.

19. Plaintiffs were eligible for overtime pay.

20. Plaintiffs are not subject to an exemption from the requirements to pay either minimum wage or overtime pay, under 29 U.S.C. § 213.

21. Plaintiffs are not subject to an exemption from the requirements to pay either minimum wage or overtime pay, under M.C.L. § 408.940.

22. Therefore, Plaintiffs are not exempt from any overtime rights under the FLSA.

23. Defendant willfully denied approximately 3 hours and 45 minutes of compensable overtime work per week on average from Plaintiffs during their terms of employment.

24. Upon information and belief, Defendant implements policies and practices to prevent Plaintiffs and other similarly situated individuals from being compensated overtime hours despite working over 40 hours a week.

25. With respect to the collective and class action claims under the FLSA, the collective action class is defined as "all current and former employees of Defendant who worked during unpaid lunch and were deprived of unpaid wages, compensable time, overtime, and vacation time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's facilities." Plaintiffs reserve the right to amend said class definition consistent with information obtained through discovery.

### Plaintiff Kyle Benson

26. Plaintiff Kyle Benson was employed by Defendant between February 2023, and October 20, 2023.

27. Plaintiff Benson was employed as a forklift operator and was responsible for operating forklifts within Defendant's facilities.

28. Plaintiff Benson was paid the amount of $20.00 throughout his employment.

29. Plaintiff Benson routinely worked more than forty (40) hours per week.

30. Plaintiff Benson's salary was unlawfully automatically reduced by 45 minutes every workday for a total of 3 hours and 45 minutes per workweek.

31. Plaintiff Benson was deprived of wages in exact amounts to be determined at trial, but at a minimum, Plaintiff Benson is owed no less than $2,400

in unpaid overtime compensation during his employment of approximately 8 months.

### Plaintiff Edwin Sanchez

32. Plaintiff Edwin Sanchez was employed by Defendant between August 1, 2023, and October 20, 2023.

33. Plaintiff Sanchez was employed as a forklift operator and was responsible for operating forklifts within Defendant's facilities.

34. Plaintiff Sanchez was paid the amount of $20.00 throughout his employment.

35. Plaintiff Sanchez routinely worked more than forty (40) hours per week.

36. Plaintiff Sanchez's salary was unlawfully automatically reduced by 45 minutes every workday for a total of 3 hours and 45 minutes per workweek.

37. Plaintiff Sanchez was deprived of wages in exact amounts to be determined at trial, but at a minimum, Plaintiff Sanchez is owed no less than $450.00 in unpaid overtime compensation during his employment of approximately 6 weeks.

### Plaintiff Darryl Wilcox

38. Plaintiff Darryl Wilcox was employed by Defendant between June 18, 2022, and October 18, 2023.

39. Plaintiff Wilcox was employed as a forklift operator and was responsible for operating forklifts within Defendant's facilities.

40. Plaintiff Wilcox was paid the amount of $20.00 throughout his employment.

41. Plaintiff Wilcox routinely worked more than forty (40) hours per week.

42. Plaintiff Wilcox's salary was unlawfully automatically reduced by 45 minutes every workday for a total of 3 hours and 45 minutes per workweek.

43. Plaintiff Wilcox was deprived of wages in exact amounts to be determined at trial, but at a minimum, Plaintiff Wilcox is owed no less than $4,200.00 in unpaid overtime compensation during his employment of approximately 16 months.

## COUNT I
**VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT AND FORMER**

44. Plaintiffs incorporate the allegations in the foregoing paragraphs.

45. Plaintiffs are former "employees" within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq.

46. The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half (1.5) times the regular rate of pay for all hours worked over 40 hours per week.

47. Plaintiffs often worked more than 40 hours per week without overtime pay.

48. Plaintiffs' salaries were unlawfully automatically reduced by 45 minutes every workday for a total of 3 hours and 45 minutes per workweek.

49. Defendant is aware, or should have been aware, that Plaintiffs performed work that required payment of overtime compensation.

50. In violation of the FLSA, Defendant failed to pay Plaintiffs and other similarly situated individuals compensation or unpaid wages, compensable time, overtime, and vacation time.

51. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs for overtime compensation.

52. Defendant knew, or showed reckless disregard for the fact, that it failed to pay Plaintiffs overtime compensation in violation of the FLSA.

53. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income and other damages.

54. Plaintiffs are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

55. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

56. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 2559(a). Defendant knew, or showed reckless disregard for the fact, that its compensation practices were in violation of the law.

57. The proposed "opt in" collective action pursuant to 29 U.S.C. § 216(b) is defined as "all current and former employees of Defendant who worked during unpaid lunch and were deprived of unpaid wages, compensable time, overtime, and vacation time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's facilities." Plaintiffs reserves the right to amend said class definition consistent with information obtained through discovery.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

a. Designation of this action as a collective action pursuant to the Fair Labor Standards Act and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

    b.      An award of unpaid overtime wages under federal;

    c.      An award of liquidated damages under federal;

    d.      Prejudgment interest;

    e.      Attorneys' fees and costs under federal; and

    f.      Such other relief as in law or equity may pertain.

                                          Respectfully Submitted,
                                          HURWITZ LAW PLLC

                                          */s/ Noah S. Hurwitz*
                                          Noah S. Hurwitz (P74063)
                                          *Attorneys for Plaintiff*
                                          340 Beakes St. Ste. 125
                                          Ann Arbor, MI 48104
                                          (844) 487-9489

Dated: January 29, 2024

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KYLE BENSON, EDWIN SANCHEZ, DARRYL WILCOX
Individually and on behalf of all
similarly situated individuals,

    Plaintiffs,

v.

HEARN INDUSTRIAL SERVICES INC.,

    Defendant.

Case No.

Hon.

**COLLECTIVE ACTION**
**FAIR LABOR STANDARDS ACT**

**CLASS ACTION**
**IMPROVED WORKFORCE**
**OPPORTUNITY WAGE ACT**

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com

---

## DEMAND FOR TRIAL BY JURY

NOW COME Plaintiff Kyle Benson, Edwin Sanchez, and Darryl Wilcox, by and through their attorneys, HURWITZ LAW PLLC, and hereby demand a jury trial in the above-captioned matter for all issues so triable.

    Respectfully Submitted,
    HURWITZ LAW PLLC

    */s/ Noah S. Hurwitz*
    Noah S. Hurwitz (P74063)
    *Attorneys for Plaintiff*
    340 Beakes St. Ste. 125

                                                               Ann Arbor, MI 48104
                                                               (844) 487-9489

Dated: January 29, 2024