UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DARRYL WILCOX,**<br>Plaintiff,<br><br>vs.<br>**HEARN INDUSTRIAL SERVICES, INC.,**<br>Defendant. | **2:24-CV-10229-TGB-CI**<br><br>**HON. TERRENCE G. BERG**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 32)** |

Plaintiff Darryl Wilcox brought this lawsuit claiming that his former employer, Defendant Hearn Industrial Services Inc., failed to pay Plaintiff and other similarly situated individuals overtime wages to which they were entitled under the Fair Labor Standards Act of 1938 ("FLSA"). ECF No. 9. Defendant moved for summary judgment. ECF No. 19. Plaintiff moved to facilitate notice of this suit to other similarly situated individuals, ECF No. 18, and for "equitable tolling of the statute of limitations as it applies to putative opt-in collective members," ECF No. 26, PageID.1454, and Defendant moved to file a surreply to Plaintiff's Motion, ECF No. 23.

On September 8, 2025, the Court granted Defendant's Motion for Summary Judgment and denied Plaintiff's three remaining motions as moot. ECF No. 30, PageID.1484.

On October 6, 2025, Plaintiff timely filed a motion for reconsideration of the Court's September 8, 2025 Order. ECF No. 32. For

the reasons stated below, Wilcox's Motion for Reconsideration is **DENIED**.

## I. STANDARD OF REVIEW

The Court liberally construes Plaintiff's motion as requesting that the Court alter or amend its judgment under Federal Rule of Civil Procedure 59(e). *See Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997). The Court "may grant a Rule 59(e) motion to alter or amend judgment only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (internal quotations omitted).

"A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Relatedly, Rule 59(e) cannot be used to raise new arguments. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

## II. DISCUSSION

Plaintiff has failed to identify any valid basis for amending or altering the Court's judgment under Rule 59(e). The Court finds that Plaintiff's present motion for reconsideration merely seeks to relitigate the issues previously raised and rejected by the Court. The Court has

previously given full consideration to Plaintiff's arguments, as well as the reframed versions of those arguments in the present motion and finds them meritless.

The Court addresses Plaintiff's arguments in turn.

Plaintiff first argues that reconsideration is warranted because Defendant had constructive knowledge that employees were working uncompensated overtime. ECF No. 32, PageID.1521–30.

In the September 8, 2025 Order, the Court had held that the relevant question under the FLSA "is whether the employee can show that that 'the employer knew or should have known that [the employee] was working overtime … [because an] employer cannot satisfy an obligation that it has no reason to think exists.'" ECF No. 30, PageID.1494 (citing *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 876 (6th Cir. 2012)). The Court held that

> The evidence before the Court shows that Defendant had a reasonable process for employees to report and correct uncompensated work time: Plaintiff knew about and used the exception logs, and had his time corrected when he did. Other employees also used the exception logs, including to request payment on days where they worked through their automatically deducted lunch time. But Plaintiff failed to use this established process to request his time back for the deducted lunch periods that he worked. He did not use the exception log process for this purpose though he was aware of it and had used it to correct other errors more than 25 times. Under these circumstances, no reasonable jury could find that Plaintiff's employer, Defendant, knew or should have known that Plaintiff was working overtime. There was a process for

> being compensated for the deducted lunch periods that employees worked through, but in Plaintiff's case he did not utilize it.

*Id.* at PageID.1495–96.

Plaintiff urges the Court to reconsider this portion of its holding. ECF No. 32, PageID.1521–30. However, Plaintiff does not argue that there has been a clear error of law, newly discovered evidence, or an intervening change in controlling law.[1]

Instead, Plaintiff relitigates the factual dispute whether Defendant had a reasonable process for employees to report and correct uncompensated work time. *See*, *e.g.*, *id.* at PageID.1524. For instance, Plaintiff argues that "there is no evidence of the temporary practice existing in the twelve months before August 8, 2023," *id.* at PageID.1524, an argument Plaintiff had previously raised in response to Defendant's motion for summary judgment, *see* ECF No. 22, PageID.1390 ("Defendant has not produced any payroll exception logs dating from the past year, or any time before August 8, 2023."). Plaintiff argues that "concluding that he 'failed to use this established process' would be a manifest injustice"

---

[1] Plaintiff does argue that "[i]n reconsidering the issue of constructive knowledge, new published legal authority should be considered: *Micone*, 132 F.4th." ECF No. 32, PageID.1526. However, *Micone* is not an intervening change in controlling law. Instead, *Micone* is an Eighth Circuit opinion pre-dating the Court's order. *Micone v. Levering Reg'l Health Care Ctr., L.LC.*, 132 F.4th 1074, 1077 (8th Cir. 2025).

in light of the fact that "Plaintiff worked over twelve months when exception logs were not posted." ECF No. 32, PageID.1524.

The Court disagrees. It is undisputed that Plaintiff knew about and used the exception log process but failed to use it to request his time back for the deducted lunch periods that he worked. In light of these facts, the Court concluded that "no reasonable jury could find that Plaintiff's employer, Defendant, knew or should have known that Plaintiff was working overtime." ECF No. 30, PageID.1496. The absence of record evidence that the exception log process existed prior to August 8, 2023 does not change the facts underlying the Court's conclusion. Thus, it would not be "manifest injustice" to hold that Plaintiff "failed to use this established process."

Next, Plaintiff argues that "there is a genuine issue of material fact about whether a 'reasonable process . . . to report uncompensated work time' existed at all before August 8, 2023." ECF No. 32, PageID.1524. The Court disagrees. Prior to the implementation of the exception time log, Defendant had other practices to adjust work time to ensure employees were properly paid. For instance, Plaintiff testified that prior to the exception log being implemented, his employer would post the "the hours they had worked the previous day" and if "the hours wasn't correct for the hours I worked the day before," Plaintiff would take a picture and send it to his supervisor. ECF No. 30, PageID.1486 citing to Plaintiff's deposition, ECF No. 19-4, PageID.677–78. When he did that, he would

get his time corrected. *Id.* Plaintiff implemented this process between 25 to 50 times. *Id.* This was a separate procedure for reporting discrepancies in employee hours from the later-adopted "exception logs," and it was a procedure the Plaintiff acknowledged that he used to make corrections to his hours.

Plaintiff also argues that "[t]he opinion granting summary judgment also did not address the issue of time clock outages." ECF No. 32, PageID.1529. However, as Plaintiff acknowledges, employees used the exception log process during these "clock outages" to ensure that their hours were marked. *Id.* The fact that "clock outages" occurred does not alter the Court's conclusion that Plaintiff did not avail himself of the exception log process to request his time back for the deducted lunch periods that he worked.

Next, Plaintiff takes issue with the fact that the Court relied on two "happy camper" declarations in granting summary judgment because "'happy camper' declarations from hand-picked employees are routinely given little or no weight because of potential for coercion." ECF No. 32, PageID.1531–32. Plaintiff writes that "[t]he opinion cited the declarations in concluding employees know about the exception log practice." *Id.* In light of the fact that Plaintiff himself knew about and availed himself of the exception log practice, the Court's reliance on these declarations does not support reconsideration of its conclusion.

Lastly, Plaintiff argues that "Defendant's time rounding practice has also not been 'evidenced as neutral.'" *Id.* at PageID.1533.

Considering Plaintiff's deposition testimony that under Defendant's time rounding policy "the time rolls back to 15 minutes quarterly, I believe, and rolls forward, it depends on what time you clock in," the Court found that Defendant's "policy is therefore applied neutrally, favoring neither overpayment or underpayment: if Plaintiff clocked in closer to 5:45 p.m. than 6:00 p.m., his time would begin at 5:45 p.m., while if he clocked in closer to 6:00 p.m., his time would start then." ECF No. 30, PageID.1490–91 (citation omitted).

Plaintiff responds that his deposition testimony only "offered a conclusory statement about the policy he was told from a manager and expressly said, 'I'm not fully understanding how that worked.'" ECF No. 32, PageID.1535 (citation omitted). Thus, Plaintiff argues, his testimony "is insufficient to prove neutrality at summary judgment." *Id.*

The Court finds that in light of Plaintiff's own testimony that Defendant's rounding policy works neutrally, Defendant has met their burden to show that the rounding policy is neutral.

Lastly, Plaintiff asserts that the Court did not consider "the remedial purpose of the Fair Labor Standards Act." ECF No. 37, PageID.1574. It is true that "Courts interpreting the FLSA must consider Congress's remedial purpose." *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015). However, the FLSA's remedial purpose does not

bear on the ground of the Court's disposition. Remedial purpose is an aid to construing the statute's terms; it neither displaces the summary judgment standard nor supplies a genuine dispute of material fact where none exists. It was the undisputed facts, and not any narrow reading of the statute, that compelled the Court's conclusion.

In any case, the September 8, 2025 Order repeatedly cites to sections of the FLSA, *see*, *e.g.*, ECF No. 30, PageID.1487; *id.* at PageID.1492, opinions of the Sixth Circuit and other courts interpreting that statute, *see*, *e.g.*, *id.* at PageID.1494, and fully considered the FLSA's remedial purpose by carefully considering whether it could provide a remedy in this case, *see*, *e.g.*, *id.* at PageID.1495–98.

Each of Plaintiff's arguments fails to show a clear error of law or a need to prevent manifest injustice. Nor does Plaintiff show any newly discovered evidence or an intervening change in controlling law. Instead, each of Plaintiff's arguments relitigates the factual disputes previously resolved by the Court. Moreover, Plaintiff's arguments lack merit. Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration.

## III. CONCLUSION

Plaintiff's arguments do not satisfy the rigorous standards for relief under Rule 59(e). Therefore, Plaintiff's motion for reconsideration (ECF No. 32) is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 17, 2026

s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE